IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 11 |
| | : |
| INTEGRA, INC. | : CASE NO. 02-30594 |
| DEBTOR | : |
| | : SUBSTANTIVELY CONSOLIDATED |
| INTEGRA, INC. | : |
| PLAINTIFF | : |
| v. | : |
| WILLIS OF PENNSYLVANIA, INC., | : |
| DEFENDANT | : ADVERSARY PROCEEDING NO. 04-765 |
| | : |

## OPINION

By: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

The Debtor has filed a motion to approve a settlement and amend complaint pursuant to Rule 15(c). The settlement has been approved but the request for amendment was taken under advisement. Amendment is sought to add Federal Insurance Company (Federal) as well as seven other insurers as defendants.[1] Federal opposes this request. Hearing on the matter was held on May 3, 2005. For the reasons set forth below, the motion will be denied.[2]

*Procedural Background*

The Debtor filed this preference case against Willis of Pennsylvania, Inc.

---

[1] The other seven are American Manufacturers Mutual Insurance Company, American International Group, Prudential Insurance Company of America, Kemper Insurance Company, National Union Fire Insurance Company of Pittsburgh, Greenwich Insurance Company, and American International Specialty Lines.

[2] As this action seeks to avoid a preferential transfer, it is within this Court's core jurisdiction. 28 U.S.C. § 157(b)(2)(F).

(Willis) before the expiration of the statute of limitations. After that deadline expired, Debtor discovered that the preference payment received by Willis was accepted by Willis on behalf of Federal and seven other insurance companies. Motion, ¶ 19. Debtor has settled with Willis and seeks to pursue the same claim against Federal and the other insurers by adding each as a party to the complaint. Federal maintains that the amendment should not be allowed because the applicable statute of limitations has expired. The Debtor maintains that its amendment would relate back in time to when the original complaint was filed; the parties thus agree that as to Federal and the other insurers, the preference action would be otherwise time-barred. Federal disputes that the record supports "relating back" as defined by the applicable rule of procedure. Response, 6-9.

*Applicable Law*

Bankruptcy Rule 7015 incorporates F.R.C.P 15 and provides, in pertinent part:

> (a) **Amendments**. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*

F.R.C.P. 15(a) (emphasis added). The Third Circuit has consistently held that leave to amend should be granted freely. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486 (3d Cir. 1990); *see also Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989) (noting that courts should use "strong liberality" in considering whether to grant leave to amend). This approach ensures that a particular claim will be decided on the merits rather than

-2-

on technicalities. *See* Wright, Miller and Kane, *Federal Practice and Procedure*: Civil 2d § 1471 (2d ed. 1990). The policy favoring liberal amendment of pleadings is not, however, unbounded. The Supreme Court delineated factors which may weigh against amendment. These include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Federal implicitly opposes the amendment on futility grounds: even if Debtor is allowed to amend, it argues, the claim is barred by the applicable statute of limitations. *See Cowell v. Palmer Township*, 263 F.3d 286, 296 (3d Cir.1995) (stating that amendment is futile if it would not withstand limitations challenge). The Debtor disagrees and argues that the applicable rule of procedure relates the amendment back to the date of the filing of the original complaint for limitations purposes. The rule provides for relation back of amendments as follows:

> (c) **Relation Back of Amendments**. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action[3], or

---

[3]This provision, added in 1991, allows amendments to relate back when the amendment would be permitted under the applicable state statute of limitations. *See* 3 *Moore's Federal Practice* § 15.19[1] (Matthew Bender 3d ed.). In those instances when state law permits relation back but the Rules would not allow it, the more forgiving state rule controls. *Id*. The rationale behind the determination that the more forgiving rule governs is the liberal amendment policy of the Rules and the goal of avoiding harsh results when applied to diversity cases in federal court. *Id*. This result
(continued...)

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

F.R.C.P. 15(c).  Because the amendment seeks to add a party, subdivision (c)(3) is applicable.  In order for the amendment to relate back to the date of the original complaint under that subdivision, three conditions must be met.  First, the claims must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." F.R.C.P. 15(c)(2).  Second, within 120 days of the filing of the original complaint, Federal must have "received such notice of the action that it will not be prejudiced in maintaining a defense on the merits." F.R.C.P. 15(c)(3).  The Third Circuit has interpreted the second requirement as containing two prongs, notice and the absence of prejudice, each of which must be satisfied.  *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 458 (3d Cir. 1996).  Third, it must be that within 120 days of the filing of the original complaint, Federal and the other intended defendants knew or

---

[3](...continued) is also consistent with the demands of the *Erie* doctrine that federal courts follow state substantive law, since a more forgiving state rule is a modification of the state's own substantive statute of limitations policy, which a federal procedural rule should not supplant. *Id.*  Bankruptcy Code § 546(a) – the statute of limitations for preferences – does not provide a "more forgiving principle of relation back" than does Rule 15(c).  Therefore, Rule 15(c)(1) would not apply here.

should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them in the first place. *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir.2003); *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 194 (3d Cir.2001); *Fields v. Blake*, 349 F.Supp.2d 910, 917 (E.D.Pa.2004). Importantly, Rule 15(c)(3) is written in the conjunctive meaning that all three conditions must be met for a successful relation back of an amended complaint which seeks to add a new party. *Singletary*, 266 F.3d at 194. The party seeking leave to amend bears the burden of proof in explaining the reasons for the delay. *Emguschowa v. New York Steak & Seafood, et al*, 1997 WL 260249 *2 (E.D.Pa.)

*Claims arose out of the same conduct*

The parties do not dispute that the plaintiff meets the first requirement for relation back: that its claims against Federal arise from the same conduct as that alleged in his original complaint. Both claims are based on the payment of what is alleged to be a preferential transfer. Therefore, the first requirement is satisfied.

*Notice*

The first prong of the second requirement for relation back requires that the intended defendants received, within 120 days of the filing of the original complaint (November 23, 2004), notice of the original action. The Third Circuit has expounded upon what constitutes "notice" for purposes of the rule:

> This court has seldom spoken on the meaning of "notice" in the context of Rule 15(c)(3). Still, we can glean some general instruction from the few cases that address the issue. First, Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a

>defendant hears of the commencement of litigation through some informal means. *See Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir.1977) (holding that a person who the plaintiff sought to add as a defendant had adequate notice under 15(c)(3) when, within the relevant period, the person by happenstance saw a copy of the complaint naming both the place where he worked and an "unknown employee" as a defendant, which he knew referred to him); *see also Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir.1986) (notice need not be formal); *Eakins v. Reed*, 710 F.2d 184, 187- 88 (4th Cir.1983) (same); *Kirk v. Cronvich*, 629 F.2d 404, 407-08 (5th Cir.1980) (same). At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action. *See Bechtel v. Robinson*, 886 F.2d 644, 652 n. 12 (3d Cir.1989).

*Singletary*, 266 F.3d at 195.

The Debtor does not argue that Federal received formal or even actual notice within the 120 period; instead, it is alleged that Federal "as beneficiary of the Transfers, *had reason to know* that, but for the Debtor mistakenly thinking the agent was the initial transferee, [Federal] would have been sued." Motion, ¶ 22 (emphasis added). In other words, Plaintiff is arguing, Federal had constructive notice that the suit had been commenced when it had. *See, e.g. Consumers Produce Co, Inc. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1380 (3d Cir.1994) (quoting Restatement of Trusts which provides that "a person has notice of a breach of trust if 'he knows or should have known of the breach.'"); *Colin v. Central Penn Nat. Bank*, 404 F.Supp. 638, 641 (E.D.Pa.1975) (equating "reason to know" with constructive notice).

The Third Circuit has recognized two circumstances under which notice may be imputed under Rule 15(c)(3): where the two defendants have "shared" an attorney or where they have some "identity of interest." *Singletary*, 266 F.3d at 196-197; *Garvin*,

354 F.3d at 222-223. As the name implies, the "shared attorney" method requires the same counsel to have represented both the original named defendant as well as the defendant sought to be added by amendment. Under the "identity of interest" method, notice will be imputed where "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Wright, Miller & Kane, *Federal Practice And Procedure,* Civil 2d § 1499. This identity of interest has been found (1) when the original and added parties are a subsidiary corporation and a parent; (2) when the related corporation have substantially identical officers directors or shareholders and have similar names or share office space; and (3) where the two parties are co-executors of an estate. *See* 3 *Moore's Federal Practice*, ¶ 15.19[3][c].

There is no allegation – or proof in the record for that matter – that the same counsel advised both Federal and Willis. Neither is there any assertion that the two shared an identity, or community, of interest.[4] Instead, Debtor's claim of constructive notice is based on Federal's ultimate receipt of the preference.[5] The problem with this

---

[4] The record is unclear as to the nature of the relationship between Federal and Willis. What is alleged in the motion is that Willis is is *Debtor's* insurance agent. Motion, ¶ 17. Federal maintains in its response that Willis is an insurance broker. Response ¶ 11. An insurance broker may be an agent for both the insured and the insurer. *Benevento v. Life USA Holding, Inc.*, 61 F.Supp.2d 407, 415 (E.D.Pa.1999). But for a broker to be found to be an agent of the insurer, there must be some evidence of an authorization, or some fact from which a fair inference of an authorization by the company to the broker might be deduced. *Id.* at 416. This record contains no evidence of that so that Court cannot presume notice from Willis to Federal on a principal-agent theory.

[5] At the hearing, Debtor argued that it did not know that Federal and the other insurers received the preferences until it was too late. Trans. 4-5. However, what the Debtor knew or may have known is irrelevant to the analysis here; it is what Federal knew that matters.

(continued...)

argument is that it does not prove notice – constructive or actual – of the lawsuit. In fact, it cannot because the preference was received prior to the filing of that lawsuit. Indeed, it was received prior to the bankruptcy filing. Nothing in the record indicates that Federal was apprised of the suit against Willis within the 120 day summons period.

Having failed to demonstrate that Federal had prior notice of the preference claim, Debtor's request for leave to amend must be denied as that proposed defendant.

An appropriate order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated:  May 13, 2005

---

⁵(...continued)
Equally unpersuasive is the argument that because this Court is a court of equity, allowing the amendment under these circumstances would be in the creditors' best interests. Trans. 5. A bankruptcy court's section 105 equitable powers do not allow the bankruptcy court to override explicit mandates of other section of the Bankruptcy Code or mandates of other state and federal statutes.  2 *Collier on Bankruptcy* ¶ 105.01[2]; *see also United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986) ("[Section 105] does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.")

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 11 |
| | : |
| INTEGRA, INC. | : CASE NO. 02-30594 |
|     DEBTOR | : |
| | : SUBSTANTIVELY CONSOLIDATED |
| INTEGRA, INC. | : |
|     PLAINTIFF | : |
|     v. | : |
| | : |
| WILLIS OF PENNSYLVANIA, INC., | : |
|     DEFENDANT | : ADVERSARY PROCEEDING NO. 04-765 |
| | : |

## ORDER

AND NOW, upon consideration of Debtor's Motion to Amend Complaint Pursuant to Rule 15(c), the Limited Objection of Federal Insurance Company, after a hearing held on May 3, 2005 and for the reasons stated in the preceding opinion, it is

ORDERED that the Motion is Denied as to Federal; the Debtor may amend its complaint to add as defendants the remaining entities named in the proposed amended complaint attached to Debtor's motion.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated:  <u>May 13, 2005</u>

MAILING LIST:

George Conway, Esquire
Office Of The U.S. Trustee
950W Curtis Center
7th & Sansom Streets
Philadelphia PA  19106

Harry J. Giacometti, Esquire
SMITH GIACOMETTI & CHIKOWSKI LLC
The Land Title Bldg, Suite 1200
100 South Broad Street
Philadelphia, PA 19110

Gary F.Seitz, Esquire
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Wendy B. Green, Esquire
MCCUSKER ANSELMI ROSEN
CARVELLI & WALSH P.C.
127 Main Street
Chatham, NJ 07040

Brian S. Lepsis, Esquire
SAUL EWING LLP
1500 Market Street
38th Floor
Philadelphia, PA 19102

American Manufacturers Mutual
Insurance Company
1717 Arch Street
31st Floor
Philadelphia, PA 19103

American International Group, Inc.
70 Pine Street
New York, NY 10270

Prudential Insurance Company
Three Bala Plaza E, Suite 101
Bala Cynwyd, PA 19004

Kemper Insurance Company
Connell Corporate Park
Three Connell Drive
P.O. Box 608,
Berkeley Heights, NJ 07922

National Union Fire Insurance
Company of Pittsburgh
70 Pine Street
New York, NY 10270

Greenwich Insurance Company
One Greenwich Plaza
P.O. Box 2568
Greenwich, CT 06836

American International Specialty Lines
80 Pine Street, Sixth Floor
New York, NY 10005